JOHN YOWELL

v.

JACOB BRADEN ET AL.

*Highways—Commissioners—Trespass—Cutting of Timber—Tender—Evidence.*

In an action of trespass against commissioners and overseers of highways, for entering upon the plaintiff's land and cutting timber thereon, this court reverses a judgment for the defendants, although three juries have found for them, the verdict being contrary to the evidence.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Edgar County; the Hon. C. B. SMITH, Judge, presiding.

Mr. S. S. WHITEHEAD, for appellant.

Messrs. SELLAR & DOLE and ROBERT L. McKINLAY, for appellees.

*Per Curiam.* Trespass by appellant against the commissioners and overseer of highways and others for entering upon his land and cutting down growing timber. The action was commenced in the fall of 1881, and has been four times tried. One jury failed to agree, and three found for the defendants. We infer from the record that two of these verdicts were set aside as being against the law and the evidence, and the last allowed to stand only because the power of the court to grant new trials for the same reason was thereby exhausted.

The trespass complained of was proved beyond dispute. Plaintiff's witnesses testified, from actual count and measurement, that defendants cut down about eighty trees and saplings from two to twenty-one inches, and that the actual damage was from $10 to $35, the average estimate being about $22.

The defense offered was that they acted in good faith, as road officers, to open and clear what they supposed to be a public highway regularly laid out and established, and that the damage was very little, if any. There was some evidence that they did so suppose, but none whatever that such was the fact, or that any care was taken to ascertain the fact, although plaintiff warned the overseer of this suit, if he should enter as threatened. This warning, given long before the entry, shows a disposition to avoid a law suit, and being so wilfully

(we do not say maliciously) disregarded, he could not well do otherwise than bring it and persist in its prosecution as far as he may against such verdicts. We regard his claim shown by this record as something more than nominal damages, and if the amount of costs involved is large, it does not appear to be through any fault on his part.

The matter of the tender, so called, was, in our opinion, improperly admitted and, notwithstanding the instruction as to its effect or bearing, probably prejudicial to the plaintiff's case.

For the reasons thus indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*